UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CLIFTON GIVEN )<br>) | No. 2:20-cr-00060-GZS |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its counsel, Darcie N. McElwee, United States Attorney for the District of Maine, and F. Todd Lowell, Assistant United States Attorney, respectfully submits the following memorandum to assist the Court in its determination of an appropriate sentence.

### INTRODUCTION

Clifton Given amassed a collection of child pornography images and videos, some of which depicted the sexual abuse of very young children.  On July 30, 2020, a federal grand jury indicted Given for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  *Indictment* (ECF No. 22).  On September 9, 2021, the defendant pleaded guilty to the Indictment.  *Min. Entry* (ECF. No. 48).  The Court ordered the preparation of a presentence report; the revised report has been completed ("PSR").

For the reasons stated below, the government respectfully submits that a sentence of imprisonment of at least 144 months followed by supervised release for 10 years is appropriate. The government also recommends that the Court order Given to pay restitution to 3 victims whose images he possessed.

## GOVERNMENT'S POSITION

Given faces a statutory maximum sentence of 20 years and no mandatory minimum. PSR ¶ 58. The Court must impose a term of supervised release of at least five years and has the discretion to order a term of supervised release of life. PSR ¶ 61. A fine of up to $250,000 may be imposed and special assessment of $100 is mandatory. PSR ¶¶ 65-66. It appears that Given may not have the means to pay either a fine or the additional $5,000 special assessment applicable to child exploitation offenses, although the United States Probation Office is awaiting the receipt of financial information from Given in order to properly assess that question. PSR ¶ 57. Restitution is mandatory, and three victims have submitted restitution requests. PSR ¶ 69. The government anticipates that the parties will make a joint recommendation to the Court on restitution by May 3, 2022, that is consistent with the restitution requests contained in the PSR.

**I.   Given's Advisory Sentencing Guidelines Are Properly Calculated**

The sentencing guidelines represent the only "integration of the multiple factors" identified in section 3553 and bear the imprimatur of the expert agency charged with developing them. United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (emphasis omitted). Adherence to these guidelines avoids unwarranted disparities. See United States v. Willingham, 497 F.3d 541, 545 (5th Cir. 2007). Once the sentencing range is properly calculated, sentencing becomes a judgment call "involving an intricate array of factors." United States v. Flores-Machicote, 706 F.3d 16, 20-21 (1st Cir. 2013).

The defendant arrives at his advisory guideline range because of the characteristics of his offense. In order to evaluate a defendant's argument that his treatment under the guidelines is unfairly harsh, a sentencing court must examine how a

defendant arrived at a particular sentencing range.  See United States v. Shrake, 515 F.3d 743, 747 (7th Cir. 2008).  Here, the defendant's base offense level is increased because of the application of several properly applied enhancements.

The defendant's conviction is analyzed under section § 2G2.2 and carries a base offense level of 18.  PSR ¶ 20.  The PSR adds two levels to the base offense level because the material depicts prepubescent minors, § 2G2.2(b)(2); four levels because the child pornography portrayed sadistic or masochistic conduct, § 2G2.2(b)(4)(A); five levels because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, § 2G2.2(b)(5); two levels for the use of a computer, § 2G2.2(b)(6); and five for the number of images, § 2G2.2(b)(7)(D).  PSR ¶¶ 21, 23, 23A, 24, 25).  A three-level reduction for acceptance of responsibility brings the offense level to 33.  PSR ¶ 33.

The defendant's criminal history category is II.  PSR ¶ 41.  At a category II and a total offense level of 33, the guideline imprisonment range is 151-188 months.  PSR ¶ 59.

## II. A Sentence of at Least Twelve Years in Prison Is Appropriate

The government recommends a sentence of at least 144 months imprisonment followed by 10 years of supervised release.  The government submits that such a sentence would be sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The Offense Conduct section of the PSR accurately describes Given's criminal conduct.  As the result of information learned during a national operation, law enforcement applied for a warrant in June 2020 authorizing the search and seizure of electronic storage devices located at the defendant's residence.  PSR ¶¶ 8-10.

On June 18, 2020, agents executed the warrant and seized the defendant's cellular telephone. PSR ¶ 10. Those agents also interviewed Given, who admitted that he had accessed the dark web and seen child pornography there. PSR ¶ 11. He told agents that they would find four files on his phone that contained child exploitation material. Id. A forensic examination of that phone revealed 259 video files and 33 image files depicting the sexual exploitation of children. PSR ¶¶ 12-13.

The government's recommended sentence takes into account the most salient aspects of Given's offense conduct. As the PSR notes at paragraph 73, in its 2012 report regarding child pornography offenses, the U.S. Sentencing Commission expressed its belief that three categories of offender behavior encompass the primary factors that should be considered in imposing sentences in non-production child pornography offenses: (1) the content of an offender's child pornography collection; (2) the degree of an offender's engagement with other offenders, in particular, in an internet community devoted to child pornography and child exploitation; and (3) whether an offender has a history of engaging in sexually abusive, exploitative, or predatory conduct in addition to his child pornography offense. U.S. Sentencing Commission, *Federal Child Pornography Offenses* 320 (2012). In this case, Given's conduct involved all three of these factors.

First, Given was engaged in an internet community on the dark web devoted to child exploitation and child pornography. PSR ¶¶ 7, 73. His engagement with this community of like-minded individuals sets him apart from many other offenders and suggests a greater willingness to transgress boundaries of behavior.

Second, his child pornography collection included images that portrayed the sexual abuse of infants and toddlers. PSR ¶¶ 12, 13. While all child pornography

images are reprehensible, those that depict the abuse of the most vulnerable and defenseless victims are especially heinous. Given's possession of such images also serves to set him apart from most other child pornography offenders. In Fiscal Year 2020, only 24.5% of cases in which § 2G2.2 was applied included the enhancement for images depicting the sexual abuse or exploitation of a toddler or infant. U.S. Sentencing Commission, *Use of Guidelines and Specific Offense Characteristics (Offender Based) Fiscal Year 2020* at 42, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/Use_of_SOC_Offender_Based.pdf. Given's possession of such images merits additional punishment.

Third, Given has a troubling history that bears directly on the likelihood that he will recidivate. As the presentence report describes, Given sexually assaulted a child in 2004. That earns Given a five-level enhancement under § 2G2.2(b)(5). It also further distinguishes him from other offenders. In Fiscal Year 2020, only 15.8% of cases in which § 2G2.2 was applied included the enhancement a pattern of abuse. U.S. Sentencing Commission, *Use of Guidelines and Specific Offense Characteristics (Offender Based) Fiscal Year 2020* at 43.

The government recognizes, by contrast, that other specific offense characteristics applicable to Given are present in almost all child pornography cases. While still relevant, these characteristics arguably fail to meaningfully distinguish Given from other offenders. Victims under the age of 12 were depicted in 93.6% of child pornography cases sentenced in Fiscal Year 2020, for example. Id. at 42. Similarly, the enhancement for use of a computer was present in 94.2% of cases. Id. at 43. If the

Court were to vary from the advisory guidelines range by the equivalent of four levels to account for these two characteristics, Given's final offense level becomes the equivalent of a level 29, with a range of 97-121 months. The government's recommended sentence considers this hypothetical range in a broader application of all the section 3553(a) factors.

### III.   The Government's Recommended Sentence Fulfills the Statutory Purposes of Sentencing

The government submits that its recommended sentence is appropriate under 18 U.S.C. § 3553(a). In addition to the nature and circumstances of the offense, discussed above, the other statutory factors also support the imposition of this sentence.

#### A.   Given's History and Characteristics

Given was born in Maine and he has lived his life here. PSR ¶¶ 45, 49. He reports that his mother abandoned him when he was very young, that he grew up in a home in which physical and emotional abuse was common, and that he was abused. PSR ¶¶ 46-47. Given married in 2018 and then divorced in 2020. PSR ¶ 48. He has three children. Id.

Given left high school early but completed his GED when he was about 21 years old. PSR ¶ 46. He reports being a self-taught mechanic and has been employed as a shipfitter since 2016. PSR ¶ 47. His adult criminal history includes convictions for domestic violence assault, theft, and operating under the influence. PSR ¶¶ 38-40.

According to Given, he suffers from several physical ailments including chronic back pain. PSR ¶ 50. He has been diagnosed with alcohol use disorder, adjustment disorder with anxiety, and major depressive disorder. PSR ¶ 51. He has a long history of alcohol abuse and he has illegally used prescription drugs for many years. PSR ¶ 53.

There is no indication that the defendant has ever received sex offender treatment.

      **B.**     **Seriousness of Offense, Respect for the Law, Just Punishment**

The Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). These factors are related. As the court noted in United States v. McDonel, 513 F.Supp. 3d 752, 759 (E.D. Mich. 2021), "A sentence that is too harsh undermines respect and confidence in the criminal justice system just as does a sentence that is too lenient." *Id.* at *6. In this case, Given's offense was very serious, and calls for a significant period of incarceration.

      **C.**     **General and Specific Deterrence**

The Court's sentence should afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). These two factors are sometimes said to reflect the needs for general and specific deterrence. *See, e.g.*, United States v. Russell, 600 F.3d 631, 637 (D.C. Cir. 2010). The need to deter individuals from exploiting children is obvious. These crimes are grave and destructive. An individual who consumes child pornography creates a market for the abuse of children by providing an economic motive for creating and distributing the materials. *See* United States v. Goff, 501 F.3d 250, 259-60 (3rd Cir. 2007).

The defendant has a demonstrated history of consuming images that show the sexual exploitation of children. Deterring the production and distribution of child pornography and protecting children victimized by child exploitation are factors that deserve significant weight at sentencing. The high risk of recidivism for sex offenders is well known. That knowledge has supported sex-offender registration requirements and

provides a reasonable basis for the Sentencing Commission's approach to sentencing enhancements in child exploitation cases. *See* United States v. Garner, 490 F.3d 739, 743 (9th Cir. 2007). The risk here supports a lengthy sentence and justifies a long period of supervised release.

### D. Training and Treatment

The Court must also consider the need for the sentence imposed to provide Given with needed training or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). The government's recommended sentence will provide him with the opportunity to obtain mental health and sex offender treatment, as recommended in the PSR.

### E. Sentencing Disparities

Finally, the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court concluded that when a sentencing judge correctly calculates and carefully reviews the Guidelines range, he or she necessarily gives significant weight and consideration to the need to avoid unwarranted disparities. *See id.* at 54.

## CONCLUSION

To be sure, the cumulative effect of multiple sentencing enhancements could lead to a guideline sentence that does not align with the important goals of sentencing. That is why a sentencing court is always guided by the directive given by Congress in 18 U.S.C. § 3553(a). Courts make difficult sentencing decisions based on important distinctions and factors. *See* United States v. Joubert, 778 F.3d 247, 256 (1st Cir. 2015) (discussing the unique nature of child exploitation crimes).

The defendant's sentence should reflect the seriousness of the crime that he committed. The government anticipates recommending a lengthy sentence that will satisfy the goals of sentencing identified in 18 U.S.C. § 3553 and reflect the seriousness of the defendant's crime and the need to protect the public from the defendant.

        Respectfully submitted,

        DARCIE N. MCELWEE
        UNITED STATES ATTORNEY


By:   /s/ F. Todd Lowell
       F. Todd Lowell
       Assistant United States Attorney

Dated: April 28, 2022

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2022, I electronically filed the above **Government's Sentencing Memorandum** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Daphne Hallett Donahue
daphne_donahue@fd.org

           DARCIE N. MCELWEE
           UNITED STATES ATTORNEY

           /s/ F. Todd Lowell
           Assistant United States Attorney
           United States Attorney's Office
           100 Middle Street
           Portland, Maine 04101
           (207) 780-3257
           todd.lowell@usdoj.gov